**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **VICTORY LAP REALTY INVESTMENTS, LLC, KQ WEST, LLC, REED, ATTORNEYS AND COUNSELORS AT LAW, PLLC, PATRIOT TITLE** | §<br>§<br>§<br>§<br>§<br>§ | |
| | § | **CIVIL ACTION NO. 4:20-cv-3802** |
| **Plaintiffs,** | §<br>§ | |
| **v.** | §<br>§ | |
| **PHH MORTGAGE CORPORATION, AVT TITLE SERVICES, LLC, POWER DEFAULT SERVICES, INC.** | §<br>§<br>§<br>§<br>§ | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT, PHH MORTGAGE CORPORATION'S,
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
<u>PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

Defendant, PHH Mortgage Corporation ("PHH MC"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves this Honorable Court for dismissal of this action and Plaintiffs' attempted claims, if any, asserted against PHH MC in their First Amended Complaint (the "Complaint") on the basis that it fails to allege facts, allegations, legal theories or causes of action sufficient to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

4830-5203-2980.2

## I.   NATURE AND STAGE OF THE PROCEEDINGS

1.     This case involves a contested foreclosure. On October 21, 2020, Plaintiffs Victory Lap Realty Investments, LLC ("Victory Lap"), KQ West, LLC ("KQ"), Reed, Attorneys and Counselors at Law, PLLC ("Reed") and Patriot Title ("Patriot") filed their Original Petition and Request for Injunctive Relief in Cause No. 2020-67729, in the 165th Judicial District Court of Harris County, Texas (the "Action").[1]  As Defendants, Plaintiffs originally named PHH MC, Power Default Services, Inc. ("Power Default"), and AVT Title Services, LLC ("AVT").

2.     On November 9, 2020, Defendants, Power Default and PHH MC timely removed the Action to this Court.  On November 16, 2020, Defendant Power Default filed a Motion to Dismiss Plaintiff's Original Petition/Complaint,[2] and PHH MC filed its Original Answer, including various affirmative defenses.[3]  On November 30, 2020, Plaintiffs filed their First Amended Complaint, leaving only Reed and Patriot as the Plaintiffs (collectively, "Plaintiffs") and PHH MC as the sole named Defendant.[4]  On

---

[1]     *See* Doc. 1, Ex. 3.

[2]     *See* Doc. No. 6.

[3]     *See* Doc. No. 5.

[4]     *See* Doc. No. 10.

December 4, 2020, AVT filed a Motion to Dismiss.[5]   On December 14, 2020, Plaintiffs and AVT and Power Default filed a Joint Stipulation of Dismissal, confirming the dismissal of AVT and Power Default from this action.[6]   PHH MC now moves to dismiss Plaintiffs' attempted claims against it as reflected in their First Amended Complaint on the basis that it fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## II.   FACTUAL BACKGROUND

3.   According to Plaintiffs' Complaint, in 2009, Delores N. Cooper ("Cooper") borrowed money to purchase the Property located at 10903 Villa Lea Lane, Houston, Texas 77071 (the "Property") and granted a security interest in the Property to PHH MC's predecessor in interest.[7]   Plaintiffs allege that PHH MC is either the current mortgagee or the current loan servicer for the mortgagee.[8]   Thereafter, Plaintiffs allege that sometime in 2019, Cooper entered into a contract to sell the Property to KQ West and Victory Lap for a sum less than that stilled owed on the note, a "short

---

[5]      *See* Doc. No. 11.

[6]      *See* Doc. No. 12.

[7]      *See* Complaint at ¶¶ 4-5.

[8]      *See* id.

sale".[9]  Plaintiffs allege that PHH MC agreed to this "short sale" and attach

a letter purporting to evidence the same.[10]

4.      Plaintiffs are the title company and law firm involved in the

closing of the real estate sale between Cooper and Victory Lap and KQ.[11]

Plaintiffs allege that "PHH received the payoff long before the November

14, 2019 date specified in the Approval of Short Sale Payoff letter" attached

to their Complaint.[12]  Plaintiffs Patriot and Reed allege that they "closed the

sale" and issued a title policy to the buyers in reliance on the letter from

PHH MC approving the short sale.[13]  Plaintiffs also allege that, several

weeks later, PHH MC sent the payoff check back to Plaintiff Patriot and

advised that the payoff letter was issued in error and that PHH MC would

no longer accept the payoff sum reflected in the letter.[14] Plaintiffs further

allege that, thereafter, "PHH caused the Property to be posted for

---

[9]      *See* Complaint at ¶ 6.

[10]      *See* Complaint at ¶ 6 and Ex. B to Complaint. PHH MC contests the validity of the letter attached to Plaintiffs' Complaint as Ex. B, as neither it nor any authority for its issuance has been found anywhere in the pertinent loan files.  For purposes of this Motion, under Rule 12(b)(6) standards, PHH MC will address the letter, and any short sale authority or offer thereby, as purported or alleged, and nothing stated in this Motion is intended nor shall be deemed an admission by PHH MC as to the validity of the letter or alleged short sale offer.

[11]      *See* Complaint at ¶ 6.

[12]      Id. at ¶ 7.

[13]      Id. at ¶ 6.

[14]      Id. at ¶ 7.

foreclosure on October 6, 2020" and that "such sale was postponed by order of Harris County Judge."[15]

5.      Plaintiffs seek injunctive relief and, effectively, specific performance by PHH MC in the form of accepting the sums allegedly agreed upon pursuant to the "short sale."[16]  As explained below, Plaintiffs have failed to state a claim upon which relief can be granted.

## II.      LEGAL STANDARD

6.      The Federal Rules of Civil Procedure apply to all civil actions once removed from state court. Fed. R. Civ. P. 81(c)(1).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007).  This standard requires more than labels and conclusions.  *Id.* at 545.  A claim is plausible on its face when the plaintiff includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me

---

[15]      Id. at ¶ 7.

[16]      *See,* Complaint at ¶ 11.

accusation." *Iqbal,* 129 S. Ct. at 1949 (*quoting Twombly,* 550 U.S. at 555). Conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as factual allegations will not suffice to prevent granting a motion to dismiss. *See, e.g., Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993).

## III.   ARGUMENTS & AUTHORITIES

### A.   Plaintiffs have failed to state a claim upon which relief can be granted.

7.      Plaintiffs have failed to state a claim upon which relief can be granted for at least four reasons. First, Plaintiffs have stated no cognizable legal theory or cause of action for recovery against PHH MC.  Second, because they are neither parties nor third party beneficiaries to the purported short-sale agreement, they lack standing to enforce it.  Third, because promissory estoppel is rooted in contract, to the extent Plaintiffs purport to state a claim for promissory estoppel, they also lack standing and the claim fails as a matter of law.  Finally, absent a substantive cause of action, a standalone prayer for injunctive relief is insufficient to state a claim upon which relief can be granted.

### (1)   Plaintiffs Fail to State a Cognizable Legal Theory or Cause of Action for Recovery Against PHH MC.

To survive a 12(b)(6) motion to dismiss, a plaintiff must actually state a cognizable claim upon which relief is sought.  Dismissal can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Cloud v. U.S.,* 126 F. Supp.2d 1012, 1018 (S. D. Tex. 2000), *aff'd,* 281 F.3d 158, *cert. denied,* 122 S. Ct. 2665, 536 U.S. 960, 153 L.Ed.2d 839; *Batiste v. City of Beaumont,* 421 F. Supp.2d 969, 977 (E. D. Tex. 2005) (same).  Here, Plaintiffs make no attempt to even identify a cognizable legal theory that plausibly demonstrates their entitlement to relief.  Coupled with their factual allegations, which do not evidence what legal theories, if any, are relied upon, Plaintiffs' complaint warrants dismissal for failure to state a claim upon which relief can be granted.

**(2)   Plaintiffs Lack Standing to State a Claim for Breach of Contract.**

8.    To the extent Plaintiffs attempt to state a claim for breach of contract to support a request for specific performance, Plaintiffs' factual allegations demonstrate that they lack standing to state a breach of contract claim.  In order for any litigant to maintain a suit, it is necessary that he have standing to litigate the matters in issue.  *Hunt v. Bass,* 664 S.W.2d 323, 324 (Tex. 1984).  Generally, only contracting parties have standing to sue on a contract.  *See Kona Tech. Corp. v. S. Pac. Transp.*

*Co.*, 225 F.3d 595, 602 (5th Cir. 2000).  Here, Plaintiffs contend that, after

allegedly offering to accept a lower sum than that owed on the loan, PHH

MC refused to perform or failed to perform in accordance with the

purported short-sale letter attached to their Complaint as Exhibit "B".  At

best, Plaintiffs' Complaint alleges a breach of contract claim between PHH

MC and Delores Cooper, who is not a party to this lawsuit.[17]

9.     Secondly, Plaintiffs cannot demonstrate that they are third party

beneficiaries to the purported short sale offer.  A person who is not a party

to a contract may nevertheless have standing to enforce the contract if it

was made for that person's benefit.  *See Kona Tech. Corp. v. Southern

Pac. Transp. Co.,* 225 F.3d at 602; *Tawes v. Barnes*, 340 S.W.3d 419, 425

(Tex. 2011).  When the contract confers only an indirect, incidental benefit,

a third party cannot enforce the contract.  *Tawes*, 340 S.W.3d at 425

(citing Restatement (Second) of Contracts § 315 (1981); 13 Williston on

Contracts § 37:19, at 124-25 (4th ed. 2000) ("An incidental beneficiary

acquires no right either against the promisor or the promisee by virtue of

the promise.)").  In deciding whether a third party may enforce or challenge

---

[17]     Indeed, the purported letter is addressed to Cooper, not Plaintiffs, and PHH denies the existence of a valid short sale contract between PHH MC and Cooper. However, to state a breach of contract claim, Plaintiffs must plead facts showing: "(1) the existence of a valid contract; (2) performance or tender of performance; (3) breach by the defendant; and (4) damages resulting from the breach." *Sport Supply Group, Inc. v. Columbia Casualty Co.*, 335 F.3d 453, 465 (5th Cir. 2003) (citations omitted).

a contract between others, it is the contracting parties' intent that controls. *See Corpus Christi Bank & Trust v. Smith*, 525 S.W.2d 501, 503-04, 18 Tex. Sup. Ct. J. 354 (Tex. 1975).   There is a presumption against conferring third-party-beneficiary status on noncontracting parties.   *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 652, 42 Tex. Sup. Ct. J. 656 (Tex. 1999).    A third party may only enforce a contract when the contracting parties themselves intend to secure some benefit for the third party and entered into the contract directly for the third party's benefit. *Id*.; *Stine v. Stewart*, 80 S.W.3d 586, 589, 45 Tex. Sup. Ct. J. 966 (Tex. 2002).  The intent to confer a direct benefit upon a third party "must be clearly and fully spelled out or enforcement by the third party must be denied." *MCI, supra* at 651.  Nowhere is any such intent spelled out in the letter attached to Plaintiffs' Complaint as Ex. B.

10.    Further, generally, to qualify as one for whose benefit a contract was made, the third party must benefit more than incidentally; he must be either a donee or creditor beneficiary. *MCI Telecomms. Corp.*, 995 S.W.2d at 651.  A person is a donee beneficiary if the performance promised will come to him as a pure donation. *Id*.  If performance will come to satisfy a duty or legally enforceable commitment owed by the promisee, then the third party is considered a creditor beneficiary. *Id*.  Here, Plaintiffs have

not, and cannot, demonstrate that they are either donee beneficiaries or creditor beneficiaries. *Compare Stine v. Stewart,* 80 S.W.3d 586, 588 (Tex. 2002) (holding mother qualified as third-party beneficiary to daughter and son-in-law's agreement incident to divorce because it provided for repayment to mother of a specific amount of money from the proceeds of the sale of the couple's home), *with Brown v. Fullenweider,* 52 S.W.3d 169, 170 (Tex. 2001) (holding decree's failure to identify attorney by name was insufficient to confer third-party beneficiary status on him concerning decree's allocation of the payment of his fees).  Here, as Exhibit "B" to the Complaint demonstrates, nothing about the purported short sale "agreement" contemplates a benefit to Plaintiffs.  Thus, to the extent that their request for specific performance can be construed as attempting to state a claim for breach of contract, Plaintiffs lack standing to enforce the purported short sale agreement because they are neither parties nor third party beneficiaries to the purported short sale agreement.

> **(3)    Plaintiffs also lack standing to bring a promissory estoppel claim.**

11.    To the extent Plaintiffs attempt to state a claim for promissory estoppel, because promissory estoppel is rooted in contract, Plaintiffs also lack standing to state a claim for promissory estoppel. The requisites of promissory estoppel in Texas are (1) a promise, (2) foreseeability of

reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment.  *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983).  Here, at most, Plaintiffs appear to attempt to track the elements of promissory estoppel in their factual allegations. *See e.g.,* Complaint at ¶ 6 "PT and Reed relied upon the representations by PHH and/or its agent as to the payoff it would accept. As a result of such representations, PT and Reed changed their positions to their detriment by closing the transaction and issuing a title insurance policy." However, "promissory estoppel does not create a contract where none existed before but prevents a party only from insisting upon his strict legal rights when it would be unjust to allow him to enforce them."  *Maddox v. Vantage Energy, LLC,* 361 S.W.3d 752, 761 (Tex. App—Ft. Worth 2012, pet. denied), citing "*Moore" Burger, Inc. v. Phillips Petroleum Co*., 492 S.W.2d 934, 937 (Tex. 1972).  A cause of action for promissory estoppel does not operate to create liability where it does not otherwise exist.  Here, Plaintiffs are not "promisees" to whom PHH MC made any representation.  *See, Maddox,* 361 S.W.3d at 762 ("Because Appellants do not qualify as third-party beneficiaries of the purported Vantage/SFWA contract and do not qualify as promisees to whom Vantage made any promise, they cannot create liability for Vantage or create some promise between themselves and Vantage where none

exists as a matter of law. We hold that Appellants lack standing to assert a promissory estoppel cause of action against Vantage."); *Arizpe v. Principal Life Ins. Co.,* 398 F. Supp. 3d 27, 54 fn. 11 (N. D. Tex. 2019)("For the same reasons the court concludes Rebekah Arizpe lacks standing to sue Principal for breach of contract, the court also concludes she lacks standing to bring a claim of promissory estoppel against Principal. Rebekah Arizpe is not a third-party beneficiary of the policy and the Arizpes do not point to any evidence demonstrating that Rebekah in particular is a promisee such that she has standing under Texas law to bring a promissory estoppel claim."). Thus, to the extent Plaintiffs attempt to state a claim for promissory estoppel, this attempt too fails as a matter of law.

### (4)   Injunctive Relief Is Not an Independent Cause of Action.

12.   Plaintiffs' request for injunctive relief is not an independent claim that can support liability against PHH MC. Under Texas law, a prayer for injunctive relief without a cause of action supporting entry of a judgment must be dismissed. *Barcenas v. Fed. Home Loan Mortg. Corp.,* Civil Action No. H-12-2466, 2013 U.S. Dist. LEXIS 9405, 2013 WL 286250, *31 (S.D. Tex. Jan. 24, 2013); *Pajooh v. Harmon*, 82 F. App'x. 898, 899 (5th Cir. 2003)(upholding denial of injunctive relief when plaintiff failed to state a claim for which relief may be granted). Here, as demonstrated above,

Plaintiffs have failed to plead any cause of action with sufficient legal or factual basis against PHH MC which would support injunctive relief. *See supra*. Nor have Plaintiffs pleaded sufficient allegations of irreparable harm or no adequate remedy at law to support injunctive relief.

## IV.  CONCLUSION & PRAYER

13.    Plaintiffs have failed to state a cognizable legal theory or cause of action to support recovery from PHH MC.  Further, to the extent they have attempted to do so, Plaintiffs lack standing to state any attempted claims for breach of contract and/or promissory estoppel, and a standalone prayer for injunctive relief is not a viable cause of action. Plaintiffs have otherwise failed to state a claim upon which relief can be granted and any attempted claims and this action should be dismissed with prejudice.

WHEREFORE, PHH MC prays that this Court grant its Motion to Dismiss Plaintiffs' alleged claims against it with prejudice, that this suit be dismissed with prejudice and for any other relief to which PHH MC may be justly entitled.

Dated:  December 14, 2020          Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: */s/ Brett W. Schouest*
Brett W. Schouest
State Bar No. 17807700
Southern District I.D. 15356
bschouest@dykema.com
Neyma Figueroa
State Bar No. 24097684
Southern District I.D. 1321275
nfigueroa@dykema.com
112 E. Pecan, Suite 1800
San Antonio, TX  78205
(210) 554-5500
(210) 226-8395 (Fax)

**ATTORNEYS FOR DEFENDANTS
PHH MORTGAGE CORPORATION
AND POWER DEFAULT SERVICES,
INC.**

## **CERTIFICATE OF SERVICE**

I certify that on the 14th day of December, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and served it on the following parties of record by mail, email and otherwise in accordance with FRCP:

Paul. J. McConnell, III
Ben A. Baring, Jr.
R. Travis Piper
DE LANGE, HUDSPETH, MCCONNELL & TIBBETS, L.L.P.
1177 West Loop South, Suite 1700
Houston, Texas  77027
***Attorneys for Plaintiffs***

Mark D. Cronenwett
MACKIE WOLF ZIENTZ & MANN, P.C.
14160 North Dallas Parkway, Suite 900
Dallas, Texas  75254
***Attorneys for Defendant AVT Titles Services, LLC***

*/s/  Brett W. Schouest*
Brett W. Schouest